IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| C.H. KINSEY, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-52-WKW-TFM |
| ) | |
| H&R BLOCK, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 22, 2013, the Clerk of the Court mailed to both Plaintiffs in the above-referenced case a letter advising Plaintiffs that

> [p]ursuant to the Federal Rules of Civil Procedure, you have 120 days from the date of filing to serve the defendant. The defendant may be served by either personal service or by certified mail. Please provide the proper service materials to the court.

These letters were sent to the Plaintiffs' home address, which Plaintiffs' provided to the Court.

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3). The Complaint and Motion for Leave to Proceed in forma pauperis were filed on January 25, 2013 (Doc.1 and 2). The Court denied Plaintiffs' Motion for IFP and the Plaintiffs paid the filing fee. Pursuant to the letters sent by the Clerk

of Court to Plaintiffs, the time for Plaintiffs to provide the necessary service materials to the Court expired on May 22, 2013.  Thus, the Court can not perfect service on the Defendant named in this action.

On May 31, 2013, the court issued a show cause Order for Plaintiffs' failure to provide the required service material. (Doc. 13).  Plaintiffs failed to respond directly to this Order.  Instead Plaintiffs' filed four Motions for a Blind Trust Copy. (Docs. 16, 17, 18, 19)  These Motions wholly fail to provide any reason for their failure to provide service materials to this Court.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiffs' failure to prosecute this action.  It is further

ORDERED that these Motions (Docs 16, 17, 18 and 19) be DENIED.  *See C.H. Kinsey, et al., v. William Keith Watkins,* 2:11-cv-165-MEF (Doc. 38) wherein similar motions were denied.  Further as the court did the in the above-referenced case, the Kinseys are given NOTICE that if they continue to file frivolous and unmeritorious motions in this Court, a contempt hearing will be held and the Kinseys may be held in contempt of court or otherwise subject to sanctions by the Court.

It is further ORDERED that the Plaintiffs file any objections to the this Recommendation on or before **July 3, 2013.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 19th day of June, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE